UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
DONNA MARIE ROBINSON,

                Plaintiff,

          -against-

HSBC MORTGAGE SERVICES, INC.,

                Defendant.
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/10/17

15-CV-5480 (VEC)

**MEMORANDUM**
**OPINION & ORDER**

VALERIE CAPRONI, United States District Judge:

      This action arises out of the foreclosure sale of property owned by *pro se* Plaintiff Donna Marie Robinson in the Western District of Tennessee.  Plaintiff brings a myriad of claims against Defendant HSBC Mortgage Services, Inc., which foreclosed on Plaintiff's property, including securities fraud relating to the securitization of her mortgage, wrongful foreclosure, fraud, intentional infliction of emotional distress, violation of consumer protection laws, slander of title, and a declaratory judgment to quiet title.  While this action was pending, Plaintiff attempted to remove to this Court an ongoing eviction proceeding in Tennessee state court regarding the same property.  Defendant now moves to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (3), and (6) and to remand the eviction proceeding to the Tennessee state court pursuant to 28 U.S.C. § 1447(c).  Because this Court lacks jurisdiction under the *Rooker-Feldman* doctrine and because Plaintiff has not satisfied the requirements for removal, Defendant's motions to dismiss and remand are GRANTED.

## BACKGROUND

      On May 21, 2001, Plaintiff obtained a $189,900 mortgage loan from SouthStar Funding LLC, which was secured by her residence at 2441 Steam Mill Ferry Road in Jackson, Tennessee.

1

SAC ¶¶ 1, 9 (Dkt. 43); Declaration of Anna Mercado Clark in Support of Defendant's Motion to Dismiss and Remand ("Clark Decl.") Ex. 2 (Dkt. 56-2).[1] At some point, Plaintiff's mortgage loan was securitized along with other mortgage loans, SAC ¶¶ 26-28, and the Note and Deed were assigned to HSBC in August 2013, Clark Decl. Ex. 3 (Dkt. 56-3). On July 25, 2013, Defendant notified Plaintiff that she had defaulted on her loan in the amount of $260,188.69. Clark Decl. Ex. 9 (Dkt. 56-9). Defendant foreclosed on Plaintiff's property and purchased the property at a foreclosure sale on October 10, 2013. Def. Mem. 4 (Dkt. 57) (citing Clark Decl. Ex. 4 (Dkt. 56-4)). Plaintiff has refused to vacate the property and continues to live there. SAC Ex. 10, at 9-11.

Since the foreclosure sale, Plaintiff has initiated a number of court proceedings in an attempt to reverse the foreclosure and prevent eviction. In 2014 and 2015, Plaintiff filed for bankruptcy four times, although all cases were dismissed. Clark Decl. Ex. 8 (Dkt. 56-8). In addition, on March 15, 2015, Plaintiff filed a complaint against Defendant and others in the United States District Court for the Western District of Tennessee ("the Tennessee Action"), alleging that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA") and various Tennessee regulations. Plaintiff's primary complaint was that the Defendants misrepresented during the foreclosure proceeding that the Note and Deed had been properly assigned to HSBC and that HSBC thus had standing to foreclosure. *See* Clark Decl. Ex.1 ¶¶ 16, 23, 27-28, 30, 33-34, 39. On June 8, 2015, Plaintiff moved voluntarily to dismiss her complaint without prejudice. Clark Decl. Ex. 5 (Dkt. 56-5). On October 19, 2015, the judge in the

---

[1] Plaintiff alleges that she obtained the loan in June 2005, but the Deed of Trust is dated May 21, 2001. The Court may rely on the Note, Deed of Trust, and related loan documents because they are integral to Plaintiff's Second Amended Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."). The Court may also take judicial notice on a motion to dismiss of filings in state or federal court. *Purjes v. Plausteiner*, No. 15-CV-2515 (VEC), 2016 WL 552959, at *4 (S.D.N.Y. Feb. 10, 2016).

Tennessee Action granted Plaintiff's motion to dismiss without prejudice but ordered that if Plaintiff attempted to refile her case, she must do so in the same court and pay Defendant's legal fees incurred up to that date.  Clark Decl. Ex. 6 (Dkt. 56-6).

After Plaintiff filed a motion to dismiss her Complaint in Tennessee but before the Court acted on it, Plaintiff filed this action.  Plaintiff essentially raised the same claims here as she raised in the Tennessee action -- namely, that Defendant did not have a right to foreclose on the property because it did not perfect its security interest in the property and therefore the foreclosure was wrongful.  While this case was pending, Plaintiff received a summons to appear in General Session Court in Jackson, Tennessee as part of an eviction proceeding.  Plaintiff sought a temporary restraining order from this Court enjoining Defendant from evicting her and her family from the property.  Dkt. 43-2.  On July 14, 2016, the Court denied Plaintiff's motion for a temporary restraining order: "Plaintiff failed to demonstrate a likelihood of success on the merits . . . because Plaintiff's claims are, in all likelihood, barred by the *Rooker-Feldman* doctrine."  Dkt. 45.  On July 13, 2016, Plaintiff filed a notice of removal seeking to remove to this Court the state eviction proceeding taking place in General Session Court in Jackson, Tennessee.  Dkt. 46.

## DISCUSSION

**I.      Defendant's Motion to Dismiss Is Granted Pursuant to Rule 12(b)(1)**

"Courts should go to lengths to ensure that inexperienced pro se litigants do not inadvertently forfeit rights or winning arguments; this 'special solicitude' includes a liberal construction of papers and a flexibility on some otherwise-rigid procedural rules."  *Tartt v. City of New York*, No. 12–CV–5405(VEC), 2014 WL 3702594, at *2 (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

3

474 (2d Cir. 2006) (per curiam). This lower standard for pro se plaintiffs "does not relieve [a] plaintiff of his duty to meet the requirements necessary to defeat a motion" to dismiss, however. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted where "the district court lacks the statutory or constitutional power to adjudicate" the case. *Navan v. Astrue*, No. 11 Civ. 6732 (DLC), 2012 WL 398635, at *2 (S.D.N.Y. Feb. 8, 2012) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). Indeed, "[f]ederal courts are courts of limited jurisdiction, and may not preside over cases absent subject matter jurisdiction." *Cherry v. Law Office of Felix Kozak*, No. 11 Civ. 3471 (SJF) (WDW), 2011 WL 4056069, at *1 (E.D.N.Y. Aug. 28, 2011); *see also County of Nassau v. Hotels.com LP*, 577 F.3d 89, 91 (2d Cir. 2009). Further, "[l]ack of subject matter jurisdiction cannot be waived." *Cherry*, 2011 WL 4056069, at *1. In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts "must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "But 'where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits.'" *Id.* (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir.2003) (alteration omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

The *Rooker-Feldman* doctrine recognizes that, in defining district courts' original subject matter jurisdiction in 28 U.S.C. § 1331, Congress did "not authorize district courts to exercise appellate jurisdiction over state-court judgments." *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir.

2007) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n. 3 (2002)). "Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)). Thus, when faced with a claim that is in effect an appeal of a final state court judgment, a district court must dismiss for lack of subject matter jurisdiction. *See id*.

Under the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over a plaintiff's claims if the following four conditions are met: (1) "the federal-court plaintiff must have lost in state court;" (2) "the plaintiff must complain[ ] of injuries caused by [a] state court judgment;" (3) "the plaintiff must invit[e] district court review and rejection of [that] judgment;" and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85. The first and fourth requirements are procedural, the second and third are substantive. *Id*. The *Rooker-Feldman* doctrine does not apply if the plaintiff raises an "independent claim," i.e., a claim that is not "inextricably intertwined" with the state court judgment and does not merely present a legal theory not raised in state court. *See id*. at 86. In other words, "the applicability of the *Rooker–Feldman* doctrine turns . . . on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen*, 481 F.3d at 97-98. The causal requirement is satisfied "where . . . the state court itself is the decision-maker whose action produces the injury." *Sindone v. Kelly*, 439 F.Supp.2d 268, 272 (S.D.N.Y.2006).

Here, Plaintiff's claims satisfy the two procedural requirements of *Rooker-Feldman*. As to the first prong, Plaintiff lost in state court—the Tennessee court found that Plaintiff was in

default of her loan and issued an order to foreclose on her property. As to the fourth prong, the Tennessee court rendered its judgment in the foreclosure action before the proceedings in this Court began—the foreclosure occurred on October 10, 2013, and Plaintiff initiated this action on July 10, 2015.

Plaintiff also meets the substantive requirements of the *Rooker-Feldman* doctrine—she complains of an injury caused by a state court judgment and seeks review and rejection of that judgment without raising an independent claim. The alleged injury is the loss of her home due to foreclosure; that injury is due to the foreclosure judgment issued by the Tennessee court. Accordingly, the causal requirement—the second prong—is satisfied because it is the state court foreclosure judgment that has caused Plaintiff's injury, and "[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine." *Sylvester v. Bayview Loan Servicing LLC*, No. 15-CV-1736 (JPO), 2016 WL 3566234, at *5 (S.D.N.Y. June 24, 2016) (citation omitted) (quotation marks omitted).[2] Plaintiff also raises no independent claim. The crux of all of Plaintiff's claims is wrongful foreclosure; the alleged injury at the heart of her claims for fraud, intentional infliction of emotional distress, consumer protection law violations, slander of title, and to quiet title is the loss of her home due to the foreclosure. These claims improperly invite review of the foreclosure judgment. *See, e.g.*, *In re Wilson,* 410 F. App'x at 410 (2d Cir. 2011) (applying *Rooker-Feldman* because "the crux" of plaintiff's complaint was wrongful foreclosure); *Worthy-Pugh v. Deustche Bank Nat'l Trust Co.*, No. 3:14-CV-1620 (AWT), 2016 WL 2944535, at *5 (D. Conn. Jan. 29, 2016) (applying *Rooker-Feldman* to bar claims for fraud, theft, intentional infliction of emotional distress, quiet

---

[2]   *See, e.g.*, *In re Wilson*, 410 F. App'x 409, 410 (2d Cir. 2011) (summary order); *Lipko v. Christie*, 94 F. App'x 12, 13 (2d Cir. 2004) (summary order); *Campbell v. Bank of New York Mellon Trust Co.*, No. 11 CIV. 1588 (CS) (PED), 2012 WL 2952852, at *7 (S.D.N.Y. May 8, 2012), *report and recommendation adopted sub nom. Campbell v. Bank of New York Trust Co.*, No. 11-CV-1588 (CS) (PED), 2012 WL 2953967 (S.D.N.Y. July 18, 2012).

6

title, and slander of title brought in response to a foreclosure); *Campbell*, 2012 WL 2952852, at *7 (applying *Rooker-Feldman* to claims for fraud and misrepresentation, wrongful foreclosure, and slander of title).  Finally, Plaintiff's claims satisfy the third prong—review and rejection of the foreclosure judgment—because she is essentially asking this Court to reverse the foreclosure judgment; indeed, Plaintiff's sole requested relief is an injunction enjoining Defendant from evicting Plaintiff pursuant to the foreclosure judgment.

Because all of the *Rooker-Feldman* conditions are met, the Court lacks subject matter jurisdiction over Plaintiff's claims, and Defendant's motion to dismiss is granted.[3]

## II.    Defendant's Motion to Remand Is Granted

Ms. Robinson's attempt to remove the Tennessee eviction proceeding is barred by the forum defendant rule and by 28 U.S.C. § 1446, which governs removal of civil actions from state court to federal court.  The forum defendant rule is embodied in 28 U.S.C. § 1441(b)(2), which provides:

> A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"An individual's citizenship is determined by his or her domicile."  *Hai Yang Liu v. 88 Harborview Realty, LLC*, 5 F. Supp. 3d 443, 446 (S.D.N.Y. 2014) (citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  "Residence, alone, is not the equivalent of domicile, although it is prima facie evidence of domicile."  *Id.* at 446 (citing *Broadstone Realty Corp. v. Evans*, 213 F.Supp. 261, 265 (S.D.N.Y.1962)).  Because Ms. Robinson, the defendant in the eviction proceeding, alleges that she is a resident of Tennessee, SAC at 2, and because the eviction proceeding would only be removable on the basis of diversity jurisdiction pursuant to 28 U.S.C.

---

[3]     Defendant and Plaintiff each raise a number of other arguments for and against dismissing Plaintiff's claims, but given the Court's determination that it lacks subject matter jurisdiction, the Court does not consider those other arguments.

§ 1332, the Tennessee eviction proceeding may not be removed, in accordance with the forum defendant rule.

Moreover, Plaintiff cannot remove the eviction proceeding to this Court because such removal would run afoul of 28 U.S.C. § 1446.  Section 1446 only permits removal to the "district court of the United States for the district and division" where the "[state court] action is pending." 28 U.S.C. § 1446(a).  In this case, the eviction preceding is pending in the General Session Court in Jackson, Tennessee, which is in the Western District of Tennessee. Accordingly, the eviction proceeding may only be removed to the United States District Court for the Western District of Tennessee.

## CONCLUSION

For the foregoing reasons, Defendant's motions to dismiss and remand are GRANTED. The Clerk of the Court is respectfully directed to close docket entry 55, to mail a copy of this order to Plaintiff, to note mailing on the docket, and to terminate the case.

**SO ORDERED**.

Date:  February 10, 2017
New York, New York

**VALERIE CAPRONI**
**United States District Judge**